org

John P. Stokes
12887 Raven Way
Bigfork, Montana 59911
(406) 837 2283
stokes@z600.com

Plaintiff

IN THE UNITED STATES COURT

DISTRICT OF MONTANA

JOHN PATRICK STOKES

    Plaintiff

    Vs                                                           Case No.

HSBC, MACKOFF KELLOGG Law Firm,
CALIBER HOME LOANS, LSF8
PARTICIPATION TRUST, US BANK N.A
FIRST AMERICAN TITLE COMPANY
OF MONTANA INC.
HOUSEHOLD FINANCE CORPORATION II,
HOUSEHOLD FINANCE CORPORATION III,
ROBERT DRUMMOND,
JAMES MANLEY, DANIEL COFFMAN,
MICHAEL LILLY, BENJAMIN HURSH,
jOHN and JANE DOES 1-10 (to be named)

COMPLAINT FOR DAMAGES,
FROM RACKETEERING, CONSPIRACY
TO ENGAGE IN A PATTERN
RACKETEERING ACTIVITY, 18 U.S.C
1861, MORTGAGE, BANKRUPTCY
FRAUD, FALSIFYING DOCUMENTS
FRAUD, EXTORTION, VIOLATION OF
11 USC 363 (a), 18 U.S. Code § 4 -
MISPRISON OF FELONY, FALSE
CLAIMS -18 U.S.C. 152 (4)
FRAUDULENT RECEIPT OF PROPERTY-
18 U.S.C. § 152(5), SLANDER OF TITLE,
QUITE TITLE, and RELATED CLAIMS

JURY DEMANDED

**JURISDICTION**

1

This is a civil action for RICO remedies authorized by the federal statutes at 18 U.S.C. 1961 *et seq.*; for declaratory and injunctive relief; for actual, consequential and exemplary damages; and for all other relief which this honorable Court and Jury deems just and proper under all circumstances which have occasioned this Initial COMPLAINT. See 18 U.S.C. §§ 1964(a) and (c) ("Civil RICO").

The primary cause of this action is a widespread criminal *enterprise* engaged in a *pattern of racketeering activity* across State lines, and a conspiracy to engage in *racketeering activity* involving numerous RICO predicate acts during the past nine (9) calendar years and continuing.

The predicate acts alleged here cluster around criminal forged Proofs of Claims in Federal Bankruptcy court, Fabricating and Forging Assignments of Note, Violation of 11 USC 363 (a) Automatic Stay, Mortgage Fraud, Extortion, Grand Felony Theft, Mail Fraud, Wire Fraud, creating and maintaining an Enterprise.

This is a Federal question of law. Defendants have violated 11 USC 363 (a), 18 USC 4, 18 USC 152 (4) and (5). Defendants have requested Federal Court jurisdiction for violation of 11 USC 363 (a) and hearing for damages and the Defendants reside or businesses are located outside the State of Montana and Diversity Citizenship. Defendants residences and or addresses are a part hereof and specifically stated in attachment and noticed.

Other RICO predicate acts, although *appearing* to be isolated events, were actually part of the overall conspiracy and *pattern of racketeering activity* alleged herein, *e.g.* mail fraud, interstate fraud, obstruction of justice and bank fraud. See 18 U.S.C. §§ 1341 and 1344, respectively.

The primary objective of the racketeering *enterprise* has been to inflict severe and sustained economic hardship upon Plaintiff and deprive Plaintiff of property.

VENUE

Under 28 U.S.C § 1391, this is the right court to file this lawsuit. A substantial part of the events of this complaint Plaintiff is suing about happened in this district; The property and the damages Plaintiff are suing about is located in this district;

## STATEMENT OF CLAIM

1. In July of 1998 John and Pamela Stokes, husband and wife, obtained a loan for approximately $198,500.00 from Weyerhauser Mortgage Company @ 11.4% interest.

2. Monthly payments of approximately $2,198.00 were made to HSBC through May 2009 for a total of approximately $285,140.00.

3. At no time did lender defendants reduce principle and alleged over $449,000.00 was owed to them.

4. John Stokes filed for Chapter 11, business bankruptcy in March 2009, Bankruptcy Case No. 09-60250 to stay levy on a $3.8 million unlawful slander judgment, and listed all assets and liabilities. This said loan was in good standing. Assets were approximately $10,400,000.00.

5. On September 21, 2009 US Trustee converted to Chapter 7. All assets were seized and to be liquidated for cash.

6. On March 20, 2009 HSBC filed a "blank" forged, fabricated Proof of Claim

7. US Trustee filed a 11 USC 363 (f) Adversary Proceeding to turn over the Lake County property, and sell the property free and clear of all liens, the residence located at 12887 Raven Way, Bigfork, Montana, 59911 together with 80 acres.

8. The residence and 20 acres are the subject of this suit.

9. HSBC filed a blank endorsement, undated as a Proof of Claim.

3

10. The US Trustee disallowed the blank endorsement and demanded the original note be presented. HSBC declined and defaulted and failed to produce the original note.

11. The property was sold to Pamela Stokes, after notice to all parties, no party objected or appealed the Order. ( Attached Exhibit   )

12. HFC II then presented a Proof of Claim alleging they now owned the original note and motioned to lift the stay to conduct a trustee's sale.

13. Stokes challenged the Proof of Claim as false and fabricated and the note presented by HFC II was not assigned or payable to HFCII. The proof of Claim submitted to the court, under penalty of perjury and fine and imprisonment was endorsed to HFC III. HFC II defaulted and failed to respond. BK # 09-60250 Docket 451.

14. The forged fabricated assignment was provided by HSBC to HFCII via February 25, 2011. The defendants used the wire and telephonic communications to transmit and US Mail on all forgeries.

15. The entire property home and 80 acres were turned over to the court for liquidation under 11 USC 363 (f) sale free and clear of all liens.

16. The Court sold the property to Pamela Stokes, without objection or appeal from any party for cash. (Exhibit attached     )

17. The John Stokes Bankruptcy BK # 09-60250 closed in 2012 and Stokes was fully discharged from all debt.

18. Robert Drummond has now placed that entire case before the Ninth Circuit Appeals Court, California, and all documents thereof. Including said forgeries.

19. Caliber Home Loans began demanding and attempted extortion for payments and a sum of approximately $224,000.00 on the disallowed and forged note or face trustee sale, foreclosure and eviction of the residence of 12887 Raven Way, Bigfork, Montana, 59911.

20. LSF8, through First American Title of Montana and U. S. Bank began foreclosure proceedings.

21. John and Pamela Stokes filed a civil complaint in Lake County DV- 14-223. That case is pending review by the United States Supreme Court, as of this filing.

22. Pamela Stokes filed a Chapter 13 Bankruptcy, No. 14-61170 to stay the sale. The sale was stayed.

23. An approved reorganization plan was approved and confirmed by the court, whereas Stokes's would proceed with the Lake County civil litigation, reduce to judgment and pay the proceeds into the bankruptcy court for distribution to the appropriate parties.

24. LSF8 submitted the same "BLANK" endorsement of the note as a Proof of Claim, BK # 14-61170 Docket # 43 foled on 2-15-15

25. LSF8 presented yet another false and fabricated Proof of Claim, through their attorneys, payable and endorsed to HFC II, for the purposes fraudulently lifting the stay and proceeding to foreclosure. Through the filing of false documents LSF8 obtained relief.

26. John Stokes was then forced to file Chapter 13 to stay said sale. The sale was stayed.

27. Because of Pamela's failing health, Stokes withdrew the petition.

28. LSF8, First American Title of Montana and US Bank once again attempted a foreclosure on the disallowed forged note. Setting a date of trustee sale of July 19, 2016.

29. Stokes's then obtained defaults in the civil case of Lake County DV-14-223 against US Bank N.A. and First American Title of Montana for approximately $2.3 million each.

Defendants had defaulted and failed to answer for over 1 ½ years after service of summons, and admitted every allegation.

30. James Manley, acting as District Judge refused to reduce to Money Judgment in disobedience to the confirmed Bankruptcy plan and order and issued an Order of Abeyance only as to Stokes's.

31. John Stokes was then again forced to petition the bankruptcy court for Chapter 13 protection from an unlawful trustee sale. All parties and courts were notified and had actual knowledge of the filed petition for bankruptcy.

32. James Manley acting as District Judge, on his own, without leave of the bankruptcy court set a hearing for the purposes of Dismissing the Defaults and allowing the defendants to answer, 1 ½ years after default for August 10, 2016. No defendant motioned the court under local Rule 60 to file an answer after defaults and no good cause was shown. Nor did any party motion to lift the Stay. A clear violation of 11 USC 363 (a) automatic stay.

33. James Manley had ex-parte contact with defendants attorneys and said defendants filed an answer within 2 days and prepared and mailed for filing before notice of hearing was received by US mail.

34. A creditors meeting was set for August 11, 2016. Stokes mistakenly missed said meeting, as did all others.

35. Robert Drummond, acting Chapter 13, had ex-parte contact with defendants and informed them he would motion the Court for Dismissal on August 12, 2016 and they would then be free to foreclose on Stokes. No notice of any kind was provided to Stokes. The Order of Dismissal was entered on August 12, 2016. Stokes was not notified until August 29, 2016.

36.     Robert Drummond had actual knowledge defendants assignments of Note were forgeries. Attached Exhit _____. A felony under 18 USC 4.

37.     On August 18, 2016, Defendants allegedly conducted a Trustee Sale, 31 days after allegedly postponing the sale on July 18, 2016. A violation of the Montana trustee sale postponement statute allowing no more than 30 days postponement.

38.     Benjamin Hursh appeared as attorney for First American Title, in the Lake County Case and appeared on August 10, 2016 in John Stokes Bankruptcy case. At all time Benjamin Hursch had actual knowledge of the forgeries and fabrications. Benjamin Hursh in now US Bankruptcy Judge of Montana.

39.     At all times Danielle Coffman and Michael Lilly and their clients had actual knowledge of the forged and fabricated Notes. Lender defendants admitted by defaults the forgeries and fabrication.

40.     Defendant LSF8 has subdivided the Stokes property, offered for sale and attempted to change the locks on two known occasions and deprive Stokes of property.

41.     Stokes has suffered actual and punitive damages and defendants have engaged in an enterprise, that is continuing and Stokes continues to suffer damages.

42.     Defendants HSBC, US Bank N. A., HFC II, HFC III, CALIBER HOME LOANS, LSF8 have a pattern and practice of mortgage fraud. The above have been repeatedly fined and sanctioned for the above activity, by other Federal and State Courts and all other named Defendants have assisted in their enterprise herein. At various times and places partially enumerated in Plaintiff's *documentary material*, as exhibits attached herein, all Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO *enterprise* of individuals who were associated in fact and who did engage in, and whose activities did affect,

interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b). All had and still do have actual knowledge of the forgeries and have failed to come forward and committed a a felony by their silence and failure to inform the appropriate parties, 18 USC 4.

43.  During the nine (9) calendar years preceding May 4, 2018, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961 and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities). Defendants have provided documents that they admit and have knowledge of filing false Proof of Claims.

44.  Defendants maliciously and willfully disclosed a proposed settlement offer to the Montana Supreme Court during appeal, that so prejudiced the court, that said court labeled Stokes a Vextaious Litigant. Stokes has only had ONE pro se complaint in ten years. Stokes is now deprived of his constitutional rights of equal access to the courts of Montana, forever.

45.  Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962(b) *supra*. Pursuant to the original Statutes at Large, the RICO laws itemized above are to be *liberally* construed by this honorable Court.

46.  LSF8 have attempted to change the locks on Stokes residence twice.

## COUNT ONE

Plaintiff now re-alleges each and every allegation as set forth above, 1-through 46 and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

Mackoff Kellogg Law Firm - MT and HSBC knowingly submitted a false, forged and fabricated proof of claim in BK 09-60250 under penalty of perjury, fine and imprisonment to obtain property of plaintiff. HSBC obtained over $285,740.00 from Stokes, from July 1998 through May 2009, without ever being a holder in due course, or actual owner of the note. HSBC is not in the chain of title of said note.

## COUNT TWO

Plaintiff now re-alleges each and every allegation as set forth above, 1-through 46 and hereby incorporates same by reference, as if all were set forth fully herein. Substance prevails over form.

HBC II and their attorney(s) knowingly submitted a false, forged and fabricated proof of claim in BK 09-60250 payable to HFC III, under penalty of perjury. For purposes of lifting the stay and extorting Plaintiff and attempting to take Plaintiffs property valued at $1,333,000.00. Through a Trustee Sale.

## COUNT THREE

Plaintiff now re-alleges each and every allegation as set forth above, 1-through 46 and hereby incorporates same by reference, as if all were set forth fully herein. HFC II allegedly assigned the note owned by HFC III to LSF8 and attempt to deprive Stokes of property and foreclose using a knowingly false and fabricated assignment. Committing the act of fraud upon the court and plaintiff. Felony Grand Theft.

9

## COUNT FOUR

Plaintiff now re-alleges each and every allegation as set forth above, 1-through 46 and hereby incorporates same by reference, as if all were set forth fully herein. LSF8 and their attorney knowingly submitted a false, forged and fabricated proof of claim in Federal Bankruptcy Court BK # 14-61170-13, payable HFC II, handwritten in blue ink. The document is a total fabrication and fraud and intended to deceive the court and plaintiffs.

## COUNT FIVE

Plaintiff now re-alleges each and every allegation as set forth above, 1-through 46 and hereby incorporates same by reference, as if all were set forth fully herein. In July 2016, James Manley, state Judge, under color of government, issued an order of Abeyance only as to John and Pam Stokes and obstructed and denied Court Order of (Pam BK) in violation of the agreed Order. James Manley would then set a hearing for purposes of dismissing civil complaint, an asset of both bankruptcy estates, without leave of the Federal Court. The Defaults were assets of both bankruptcy estates. James Manley had actual knowledge of the filed bankruptcy petition, the requirement to stay all state civil proceedings. James Manley's action deprived Stokes of approximately $4.6 million in assets to be paid and distributed to Stokes creditors.

## COUNT SIX

Plaintiff now re-alleges each and every allegation as set forth above, 1-through 46 and hereby incorporates same by reference, as if all were set forth fully herein. Defendants attempted extortion 4 times against the Stokes demanding $275-400k in threat of loss of property through Trustee sale and numerous demand letters. At no time did defendants posse a lawful

10

note. On August 18, LSF8, US BANK N/A. and FIRST AMERICAN TITLE did conduct an unlawful trustee sale. At no time did HFC II have ownership and possession of the original note and any assignment to a trustee for purposes of foreclosure is a fraud. HFC II had no assigned ownership in the note to assign to LSF8.

## COUNT SEVEN

Plaintiff now re-alleges each and every allegation as set forth above, 1-through 46 and hereby incorporates same by reference, as if all were set forth fully herein. Defendants violated USC 11 363 and conducted a state hearing, on August 10, 2016, without leave of the Federal Bankruptcy Court for the purpose of removing approximately $4,600,000.00 from the estate. Defendants are subject to damages and penalties under 11 362 (K) and (h) for actual damages of $4.6 million and punitive damages under 11 USC 362 (h) (k) and treble RICO damages.

## COUNT EIGHT

Plaintiff now re-alleges each and every allegation as set forth above, 1-through 46 and hereby incorporates same by reference, as if all were set forth fully herein. Plaintiffs have suffered tremendous personal, financial, and medical costs, and emotional harm as a result of the defendants enterprise and the above allegations and facts. Plaintiffs have been deprived of all benefit of property ownership and quite enjoyment, all a result of Defendants actions. Pamela Stokes wife of John Stokes has been hospitalized over three times as result and cuase of stress caused directly by defendants named above. The Plaintiff cannot get back the nine years of life suffered as a result of Defendants malicious and unlawful actions.

## COUNT NINE

11

By disclosing a confidential offer of settlement, which only notified the defendants, of this action. Plaintiff has now been forever barred from equal access to the State Courts of Montana. A clear violation of Civil Rights and emotional and economic harm.

## CLAIM FOR RELIEF

As to Count One, Plaintiff requests actual damages of $285,740.00 together with interest from May 2009, plus punitive damages and treble damages per RICO Statue. Individually and collectively in favor of plaintiff. To quiet title in favor of Plaintiff. And any amount deemed by the court or jury as just.

As to Count Two. Plaintiff requests actual damages and punitive damages as determined by the court or Jury. To quiet title in favor of Plaintiff. Plaintiff requests the mandatory award of damages under the RICO statutes.

As to Count Three. Plaintiff requests actual damages and punitive damages as determined by the court and or jury Committing the act of fraud upon the court and plaintiff. In addition to award mandatory treble damages for RICO violations of the law. Individually and collectively in favor of plaintiff. To quiet title in favor of Plaintiff. And any amount deemed by the court or jury as just.

As to Count Four. . Plaintiff requests actual damages and punitive damages as determined by the court and or jury. Committing the act of fraud upon the court and plaintiff. In addition to award mandatory treble damages for RICO violations of the law. Individually and collectively in favor of plaintiff. To quiet title in favor of Plaintiff. And any amount deemed by the court or jury as just.

As to Count Five. James Manley, under color of law and acting as state Judge deprived Stokes of $4.6 million dollars, without any authority. James Manley is not entitled to any judicial immunity for acts outside the law. A clear violation of 11 USC 363 a. To award actual damages of $4.6 million, together with interest and punitive damages. Individually and collectively in favor of plaintiff. And any amount deemed by the court or jury as just.

As to Count Six. Plaintiff requests actual damages of $1,333,000.00 together with interest from August 18, 2016 and punitive damages for fraud in an amount not less than six million dollars, the same amount previously fined against defendants for mortgage fraud in Montana. An award of treble damages as mandated by RICO statutes. Individually and collectively in favor of plaintiff. To quiet title in favor of Plaintiff. And any amount deemed by the court or jury as just.

As to Count Seven. To award actual damages sustained by the estate of John Stokes from Defendants actions of $4,600,000.00 together with interest and punitive damages. Together with mandatory treble RICO damages. Individually and collectively in favor of plaintiff. To quiet title in favor of Plaintiff. And any amount deemed by the court or jury as just.

As to Count Eight. To award damages for Plaintiffs actual and irreversible suffering by defendants of not less than $15,000,000.00. Individually and collectively in favor of plaintiff. And any amount deemed by the court or jury as just.

As to Count Nine. To award substantial punitive damages for the malicious and intentional harm caused by Defendants in an amount determined by Jury.

To award all costs of suits, including all professional fees in favor of Plaintiff

Upon finding of any of the above counts in favor of Plaintiff to immediately recommend investigation by the appropriate authorities and licensing agencies of the named attorneys for disbarment proceedings, sanctions and other appropriate relief.

Upon finding of any criminal activity by the Defendants, then to petition the US Attorney for indictment and prosecution. Under 18 USC 4, 18, USC 152 (4), 18 USC 152 (5) 18 USC 1861.

For what further relief the court deems just.

Respectfully submitted on May 07, 2018

*[signature]*

John P. Stokes

Addresses of Defendants

Exhibits

Application to Proceed without paying costs or fees (short form) Clerk and Court Only.

Certificate of Service Statement.

I John Stokes Plaintiff, understand as pro se, forma pauperis, This complaint must first be reviewed by Sitting District Judge for approval for filing. Upon filing, Clerk of the Court will then perform service of Summons and Complaint upon Defendants. If this understanding is contrary to local rules, then Plaintiff will comply with all rules of service upon notification.

*/s/ John Stokes*

Plaintiff's Declaration and Compliance

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. B. I understand I must keep the Court informed of my current mailing address and my failure to do so may result in dismissal of this Complaint without notice to me. C. I understand the Federal Rules of Civil Procedure prohibit litigants filing civil complaints from using certain information in documents submitted to the Court. In order to comply with these rules, I understand that: • social security numbers, taxpayer identification numbers, and financial account numbers must include only the last four digits (e.g. xxx-xx-5271, xx-xxx5271, xxxxxxxx3567); • birth dates must include the year of birth only (e.g. xx/xx/2001); and • names of persons under the age of 18 must include initials only (e.g. L.K.). If my documents (including exhibits) contain any of the above listed information, I understand it is my responsibility to black that information out before sending those documents to the Court. I understand I am responsible for protecting the privacy of this information. D. I understand the submission of a false statement or answer to any question in this complaint may subject me to penalties for perjury. I declare under penalty of perjury that I am the Plaintiff in this action, I have read this complaint, and the information I set forth herein is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621. Executed at 12877 Raven Way, Bigfork, Montana, 59911 on May 7, 2018.

16

Signature of Plaintiff: *John Patrick Stokes*

Printed Name of Plaintiff: John Patrick Stokes

John P. Stokes
12887 Raven Way
Bigfork, Montana 59911
(406) 837 2283
stokes@z600.com

Plaintiff

IN THE UNITED STATES COURT

DISTRICT OF MONTANA

JOHN PATRICK STOKES

    Plaintiff

    Vs

HSBC, MACKOFF KELLOGG Law Firm,
CALIBER HOME LOANS, LSF8
MASTER PARTICIPATION TRUST, US BANK N.A,
FIRST AMERICAN TITLE of MONTANA INC
HOUSEHOLD FINANCE CORPORATION II,
HOUSEHOLD FINANCE CORPORATION III,
ROBERT DRUMMOND,
JAMES MANLEY, DANIEL COFFMAN,
MICHAEL LILLY, BENJAMIN HURSH,
JOHN and JANE DOES 1-10 (to be named)

Case No.

DEFENDANTS ADDRESSES

HSBC Registered Agent in Montana
Agent Name
Entity Name
C T CORPORATION SYSTEM
Street Address: 3011 AMERICAN WAY, MISSOULA, Montana, 59808, United States
Mailing Address: 3011 AMERICAN WAY, MISSOULA, Montana, 59808, United States

1

Subsidiary of HSBC Finance Corporation:
HOUSEHOLD FINANCIAL CORPORATION II
13801 Wireless Way Oklahoma city, Oklahoma 73134

Subsidiary of HSBC Finance Corporation:
HOUSEHOLD FINANCIAL CORPORATION III
13801 Wireless Way Oklahoma city, Oklahoma 73134

LSF8 MASTER PARTICIPATION TRUST
SPOC Department, 3701 Regent Blvd., Irving Texas 75063

CALIBER HOME LOANS
13801 Wireless Way Oklahoma city, Oklahoma 73134

US BANK N.A
13801 Wireless Way Oklahoma city, Oklahoma 73134


MACKOFF KELLOGG LAW FIRM
38 2nd Ave E, Dickinson, ND 58601

FIRST AMERICAN TITLE COMPANY OF MONTANA INC.
Registered Agent in Montana
Agent Name: ROBERT J SEWELL
Street Address: 1006 WEST SUSSEX, MISSOULA, Montana, 59801, United States
Mailing Address: 1006 WEST SUSSEX, MISSOULA, Montana, 59801, United States

ROBERT DRUMMOND
Mailing address: P. O. Box 1829, Great Falls, MT 59403

Danielle Coffman
Mailing address: 1667 Whitefish Stage
1667 Whitefish Stage, Kalispell, MT 59901

Michael Lilly
Mailing address: One West Main Street, Bozeman, Montana 59715

Benjamin Hursh
Mailing address: RUSSELL E. SMITH COURTHOUSE 201 E. BROADWAY MISSOULA, MT 59802

James Manley
8505 Back Road, Polson Montana, 59860